646 P.2d 282

**UNITED BANK OF ARIZONA, an Arizona bank, a corporation, Plaintiff/Appellee,**

v.

**KALDENBAUGH MORTGAGE AND INVESTMENT COMPANY, INC., Defendant/Appellant.**

No. 15833.

Supreme Court of Arizona, In Banc.

June 1, 1982.

Carson, Messinger, Elliott, Laughlin & Ragan by Larry G. Haddy, Phoenix, for plaintiff/appellee.

Donald Estes, Tucson, for defendant/appellant.

GORDON, Vice Chief Justice:

Appellant Kaldenbaugh Mortgage and Investment Company, Inc. [Kaldenbaugh] brought this appeal from a grant of summary judgment in favor of appellee United Bank of Arizona [United Bank]. We have jurisdiction under Ariz.Const. Art. 6, § 5(3) and Ariz.R.Civ.App.P. 19(e) and affirm.

Kaldenbaugh bought a 1967 GMC Water Tank Truck at a sheriff's sale. Without obtaining a title to the truck under A.R.S. § 28–315 or even taking possession of the truck, Kaldenbaugh sold the vehicle on credit to B. J. Brown. Kaldenbaugh gave Brown its bill of sale so that he could obtain a certificate of title.

Brown later sold the truck to Bob Hiedeman who agreed to pay the balance due on the truck to Kaldenbaugh. To finance the purchase, Hiedeman borrowed money from United Bank. The bank agreed with Hiedeman to immediately pay the amount owing to Kaldenbaugh in return for a security interest in the truck.

United Bank sought to perfect its security interest in the truck by complying with A.R.S. § 28–325. As a first step, it sent a $1,900 cashier's check and the following letter to Kaldenbaugh:

"Enclosed is our cashier's check No. 652 for payment in full for a truck which you repossessed.

"It is our understanding that you have in your possession a 'Repo' title. Please forward this to my attention at your earliest convenience.

"For your information, Mr. B. J. Brown has sold this truck to our customer, Bob L. Hiedeman, and we need the title in order to perfect our lien.

"Thank you for your prompt attention to this matter."

Kaldenbaugh cashed the check but never sent the title to United Bank.

Hiedeman defaulted on the loan. United Bank sued several parties, including Kaldenbaugh. What United Bank sought from Kaldenbaugh was a return of the $1,900 as damages for breach of an express or implied contract and attorney's fees. The trial court granted summary judgment in favor of United Bank on the bank's motion.

Kaldenbaugh appealed arguing that it had to take the check tendered because it was offered as satisfaction of the lien and refusal would result in loss of the lien. It could not have sent United Bank a title, however, as it never had title.

The case in reality is a simple contract case calling for restitution. The letter sent

by United Bank offered this contract to Kaldenbaugh: (1) United Bank would give Kaldenbaugh $1,900 as full payment of the debt owed on the truck; if (2) Kaldenbaugh would send United Bank the "Repo" title so that United Bank could perfect its security interest in the truck. Kaldenbaugh accepted the contract by accepting and cashing the check without any indication to United Bank that the terms were not completely satisfactory. Kaldenbaugh breached the contract by failing to perform its duty of delivering title. Therefore, United Bank was entitled to restitution of the value it gave Kaldenbaugh—$1,900. If Kaldenbaugh believed it was being forced into accepting a contract that it could not perform, it could have complained at the time.

The judgment of the superior court is affirmed.

HOLOHAN, C. J., and HAYS and CAMERON, JJ., concur.

Note: Justice Stanley G. Feldman did not participate in the determination of this matter.